Case 1:15-cv-01047-JLT   Document 1   Filed 07/08/15   Page 1 of 12

**RANDY RUMPH** (SBN: 232235)
1401 - 19^(TH) STREET, SUITE 200
BAKERSFIELD, CALIFORNIA   93301
PHONE: (661) 322-4600

ATTORNEY FOR PLAINTIFF LAURA HUTCHINSON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA HUTCHINSON,<br><br>  Plaintiff.<br><br>BEAR VALLEY COMMUNITY SERVICES DISTRICT; DAVID EDMONDS; DOES 1 through 100,<br><br>  Defendants | CASE NO.<br><br>COMPLAINT WITH JURY DEMAND |

1.   This claim is brought pursuant to 42 U.S.C. 1983 and the United States constitution including the first amendment thereto, as well as Title VII to the 1964 Civil Rights Act.  Jurisdiction is granted this court under 28 U.S.C. 1343 and 42 U.S.C. 2000e-5.  This court has jurisdiction over all other claims under *28 U.S.C. §1367*.

2.   Venue is appropriate in this court as all actions comprising the claims for relief occurred within this district.

3.   Defendant Bear Valley Community Services District (hereinafter "BVCSD"), at all times material hereto, was Plaintiff's employer, starting in or about August 2007 until January 28, 2015, when Plaintiff was terminated, and during that time frame was subject to the requirements of FEHA and Title VII of the 1964 Civil Rights Act.

4.   Plaintiff worked as a police officer for the Bear Valley Police Department (hereinafter "BVPD"), which is operated by BVCSD).  Plaintiff is informed and believes the Bear Valley

Page -1-

1  Community Services District was formed pursuant to state law, to wit, the California Community
2  Services Law found at Cal. Govt. Code 61000-61850.

3      5.    The BVPD is recognized by the State of California Commission on Police Officer
4  Standards and Training.

5      6.    Defendant Edmonds is a resident of Kern County, CA.  At all times material hereto,
6  Edmonds was acting as General Manager of BVCSD.  Plaintiff is informed and believes that
7  BVCSD is provided funding by

8      7.    Plaintiff is unaware of the true names and capacities of the Defendants sued herein
9  as Does 1 through 100 inclusive, and therefore sue these Defendants by such fictitious names.
10 Plaintiff will amend this Complaint to allege the true names and capacities when ascertained.
11 Plaintiffs are informed and believe and on that basis alleged that each of the fictitiously named
12 Defendants are liable in the manner set forth below for the acts, conduct and/or omissions concerning
13 the events and happenings herein referred to, which proximately caused the damages and injuries
14 to plaintiffs as alleged herein, which includes serving as Plaintiff's employer, aiding and abetting the
15 defendants in engaging in the conduct outlined herein, and conspiring with the defendants to engage
16 in the conduct outlined herein.

17     8.    Plaintiff began working for defendant BVPD as an officer in or about August 2007.
18 After Plaintiff began working for BVPD, she experienced  discrimination on the job as well as
19 retaliation and this resulted in Plaintiff filing a lawsuit under FEHA in March 2012.  Said filing is
20 protected conduct under FEHA, to wit, Govt. Code 12940(h) (hereinafter the "FEHA Protected
21 Lawsuit").  During the lawsuit, Plaintiff took a pregnancy leave of absence.

22     9.    After the lawsuit was settled (on or about 10/5/12), and after returning from her
23 pregnancy leave of absence, Plaintiff suffered disparate treatment including undergoing unnecessary
24 field training, that she had not been required to undergo after her first pregnancy leave in 2008.

25     10.    In January 2013, Plaintiff was taken off work by her physician due to a high risk
26 pregnancy, and the need for bed rest.

27     11.    In or about April 2013, Plaintiff filed a charge with the DFEH complaining about
28 discrimination and retaliation that are made unlawful by FEHA.  That charge was served on

1  defendant. Said charge is protected conduct by FEHA under Govt. Code 12940(h) (hereinafter the
2  "FEHA Protected Conduct").

3      12. Plaintiff returned to work in September 2013. Upon her return to work, Plaintiff was
4  the most senior patrol officer, but was then told the department no longer recognized seniority,
5  making her the only female patrol officer. This adversely affected Plaintiff by disallowing her to bid
6  for more favorable shifts, which affected her ability to obtain reasonable child care. Chief Walthers
7  likewise told Plaintiff that her children do not qualify for "hardships" which prevented Plaintiff from
8  qualifying for a more favorable day shift. The failure to recognize Plaintiff as the most senior patrol
9  officer also adversely affected Plaintiff in relation to her training requests (other males received
10 training over her), vacation requests (other males received more favorable vacations times than
11 Plaintiff), and new patrol car assignments (younger, less senior and male officers were given newer
12 vehicles). In addition, paperwork had been removed from Plaintiff's personnel file, including
13 positive evaluations from prior years. After her return in September 2013, coveted positions were
14 given to male officers and Plaintiff was refused the right to even test for such positions. Plaintiff was
15 forced to undergo remedial training (again) after her return from maternity leave, which involved
16 daily evaluations which were all positive.

17     13. Also in September 2013, Plaintiff had a discussion with Senior officer Richey about
18 not being able to apply for promotions (detective and senior position) and she felt this was due to
19 gender discrimination. Plaintiff had the same discussion again with Richey in November 2013 and
20 also present was assistant manager for the district, Sandy Janzen. Janzen told Plaintiff not to
21 complain about the district during said discussion. Said complaints to Richey and Janzen are
22 protected by FEHA. Plaintiff is informed and believes that Richey reported this complaint to
23 Walthers. Said complaints are protected under FEHA, to wit, Govt. Code 12940(h) (hereinafter the
24 "Protected Opposition").

25     14. After the above discussion, on September 20, 2013, Plaintiff filled out and submitted
26 an application for an intermediate post certificate, which would provide a pay increase and it was
27 never sent in by Chief Walthers, which is a perfunctory step for Walthers to perform. Plaintiff had
28 to include her college transcripts to qualify for it. Senior officer Richey told Plaintiff Chief Walthers

1  "did not agree" with her transcripts. At least one male officer (Pierce) received an advance post
2  without question by Chief Walthers.

3        15.    In October 2013, Plaintiff passed remedial training and began patrolling on her own,
4  Defendant BVCSD altered shift schedules so that Plaintiff's shift involved no "double coverage" or
5  backup for her. Plaintiff's shift was also at night and not during the day as she had previously been
6  given. All other officers (males) had backup on their patrols. Had Defendant BVCSD recognized
7  Plaintiff's seniority, she would have been given a more favorable daytime shift with backup.

8        16.    In November 2013, Plaintiff was called into the office of defendant and was told by
9  the assistant general manager of the district, Sandy Janzen, that Plaintiff had been recommended for
10 termination and not to ask for her annual evaluation because it would not be a good evaluation
11 because the chief (Walthers) did not want to give Plaintiff an evaluation at all, notwithstanding the
12 positive daily evaluations she received in relation to her remedial training.

13       17.    In December 2013, Plaintiff was told by third parties that a detective's wife had told
14 them that Chief Walthers and senior officer Richey and detective Damon Pierce were going to "get
15 rid of Plaintiff" through psychological testing. Plaintiff began looking at work at other police
16 departments due to the above information Plaintiff was told. Plaintiff sent an email to Chief
17 Walthers to let him know that she would be looking at other departments. Subsequent to the email,
18 Plaintiff was told that the detective's wife had threatened to beat Plaintiff. Plaintiff filed a written
19 complaint with the district for gender discrimination, retaliation, hostile work environment, and
20 violation of her police officer Bill of Rights. Said complaint is protected by FEHA, to wit, Govt
21 Code 12940(h) (hereinafter the "Written FEHA Protected Conduct"). The district brought in an
22 investigator to investigate the complaint, but refused to even discuss the complaint with any of
23 Plaintiff's witnesses. This partial investigator cleared the district of any wrongdoing in or about
24 March 2014.

25       18.    In January 2014, Plaintiff was supposed to get Personal Time Off (PTO time), and
26 it was withheld. Plaintiff had to ask for it and it was ultimately it was given to Plaintiff in Spring
27 2014.

28       19.    In or about April 2014, Plaintiff suffered an injury to her back (on the job) and

1  reported this to her supervisor. This injury involved herniated disks in her back, which causes back
2  pain, back spasms, numbness in Plaintiff's foot, compression on Plaintiff's nerve that causes sciatic
3  pain, and weakness in her right leg. This affected Plaintiff's walking and ability to perform her job
4  and also take care of her children. This constituted a disability under the ADA and FEHA.

5      20. On May 29, 2014, Plaintiff was served with a notice of investigation regarding alleged
6  performance issues and allegedly falsifying documents.

7      21. In June 2014, Plaintiff was served another notice of investigation regarding tenants
8  who were renting property owned by Plaintiff. This alleged that Plaintiff had used her position to
9  intimidate the tenants. Plaintiff had merely requested (via text message) that her tenants (who had
10 vacated the premises), return the keys to her property. The defendant took the position this request
11 was somehow a potential abuse of authority. The tenants (one of whom is a convicted felon), had
12 apparently complained in retaliation for this request.

13     22. In June 2014, Plaintiff went to the house that her tenants had been renting and
14 discovered the water had been shut off, and there was approximately $200 of water bills owing for
15 the property. The tenants were supposed to establish their own water account, and Plaintiff had
16 stopped receiving water bills. Plaintiff assumed the tenants had established their own water account,
17 but then learned that the bills were still in her name, and someone had changed the address on the
18 account so Plaintiff would not receive the bills indicating they were not being paid by the tenants.
19 Upon inquiry of the water district, Plaintiff learned that it was possible the tenants had called the
20 district and pretended to be her to have the billing address changed. Plaintiff did not change the
21 billing address.

22     23. Subsequent to learning the information outlined above, in June 2014, Plaintiff
23 contacted the Kern County Sheriff's Department about the incident and lodged a complaint that the
24 tenants had potentially used her identity which would constitute identity theft and would be illegal
25 conduct in having the water billing address changed. This conduct on the part of Plaintiff (filing a
26 complaint with the Kern County Sheriff's Department which resulted in a written report) is protected
27 under the First Amendment to the United States Constitution as it involves the reporting of potential
28 criminal activity (hereinafter the "Protected Speech").

24. The Kern County Sheriff's Department then contacted the tenants who then filed another complaint with defendant BVCSD.

25. On July 1, 2014, Plaintiff was supposed to obtain a uniform allowance. Plaintiff in fact had been taxed on this allowance out of her paychecks she received from the district. The allowance is paid on July 1 of each year. On July 1, 2014, defendant failed to pay Plaintiff her uniform allowance. Plaintiff is informed and believes the male officers received their uniform allowance pay at that time.

26. On or about August 28, 2014, Defendant Walthers informed Plaintiff that an investigation was being conducted into allegations made by her former tenants in relation to her Protected Speech.

27. In or about June or July 2014, Plaintiff's therapist took her off work for severe stress and anxiety that was work related. Said stress prevented Plaintiff from conducting her work duties as well as her ability to take care of her children. It also adversely affected plaintiff's health.

28. In October 2014, Plaintiff was served with a Notice Of Proposed Termination by defendant Edmonds, where Edmonds was recommending that Plaintiff's employment with BVCSD be terminated. Included in said recommendation by Edmonds as part of his reasoning was the Protected Speech.

29. Also in October 2014, Defendant Edmonds requested to meet with Plaintiff, however, Plaintiff was told by her therapist not to have any contact with the district as it was causing great stress. Plaintiff had been giving notes from her therapist to the defendant indicating her therapist had so demanded that she have no contact with the district. Notwithstanding said notes, the district violated those medical restrictions and demanded that Plaintiff meet with Edmonds.

30. In October 2014, Plaintiff was required to respond to the alleged issues that defendant had submitted should require Plaintiff's termination. Plaintiff prepared a written rebuttal and submitted it to the district.

31. In January 2015, Plaintiff was supposed to get Personal Time Off (PTO time), and Plaintiff had to ask for it. Plaintiff never received her PTO Time in 2015.

32. On January 28, 2015, Plaintiff received notice that union coverage had been changed

1  and that coverage was terminated and she no longer had a union lawyer or representative. This
2  would have been pursuant to a union vote and Plaintiff was excluded from any such vote.

3      33.    On January 29, 2015, after Plaintiff's coverage expired, Plaintiff received notice of
4  her termination from BVCSD from defendant Edmonds. Included in the reasoning for Plaintiff's
5  termination was the Protected Speech.

6      34.    Plaintiff filed a complaint with the DFEH, and has obtained right to sue letters from
7  the DFEH under FEHA and the EEOC under Title VII for all claims set forth herein. This lawsuit
8  was filed within the time limits set forth in said rights to sue.

9  **FIRST CLAIM FOR RELIEF**
10  **(42 U.S.C. 1983 Against Edmonds - 1ˢᵗ Amendment Speech)**

11      35.    Plaintiff repeats and realleges all prior allegations.

12      36.    At all times material hereto, defendant Edmonds was a person acting under color of
13  law under 42 U.S.C. 1983, and this claim is brought against him in his individual capacity.

14      37.    The Protected Speech was a determining factor in the decision by Edmonds to prepare
15  the Termination Recommendation and the Notice of Termination.

16      38.    Because the Protected Speech was a determining factor for Edmonds when he set in
17  motion the termination of Plaintiff's job, and terminated Plaintiff's job with the BVCSD, Edmonds
18  violated Plaintiff's rights under the First Amendment of the United States Constitution, the
19  Fourteenth Amendment of the Constitution, and 42 U.S.C. 1983 grants Plaintiff a remedy for this
20  deprivation of Plaintiff's rights (hereinafter the "Edmonds1983 Speech Violation").

21      39.    The Edmonds 1983 Speech Violation caused damages to Plaintiff (for which
22  defendant Edmonds is liable), including loss of income, loss of employment benefits, emotional
23  distress and mental anguish.

24      40.    The Edmonds 1983 Speech Violation occurred on the part of Edmonds with an
25  unlawful intent to retaliate against Plaintiff because she engaged in conduct protected by the First
26  Amendment to the U.S. Constitution and was done with a reckless disregard for Plaintiff's protected
27  rights and therefore punitive damages should be imposed against Edmonds.

28      41.    Plaintiff has been forced to retain the services of an attorney and is therefore entitled

to an award of attorney fees and costs.

## SECOND CLAIM FOR RELIEF

### (42 U.S.C. 1983 Against BVCSD - 1st Amendment Speech)

42. Plaintiff repeats and realleges all prior allegations.

43. Edmonds had final policymaking authority from the BVCSD in relation to discipline of employees and this creates liability for BVCSD under 42 U.S.C. 1983 for the Edmonds 1983 Speech Violation.

44. The BVCSD violated Plaintiff's rights by (1) disciplining Plaintiff with the Notice of Proposed Termination in October 2014 and (2) terminating Plaintiff's job with BVCSD.

45. By reason of Edmonds' policymaking authority, and/or the ratification of his misconduct in the Edmonds 1983 Speech Violation by BVCSD, BVCSD is liable for the Edmonds 1983 Speech Violation.

46. Plaintiff's termination caused damages to Plaintiff (for which defendant BVCSD is liable), including loss of income, loss of employment benefits, emotional distress and mental anguish.

47. Plaintiff has been forced to retain the services of an attorney and is therefore entitled to an award of attorney fees and costs.

## THIRD CLAIM FOR RELIEF

### (Retaliation- FEHA Against BVCSD)

48. Plaintiff repeats and realleges all prior allegations.

49. The FEHA Protected Lawsuit, and/or the FEHA Protected Conduct, and/or the Protected Opposition, and/or the Written FEHA Protected Conduct constituted a substantial motivating factor in Defendant BVCSD engaging some or all of the following adverse actions:

A. Being forced to take remedial training.

B. Not being paid allowance for Plaintiff's uniform.

C. Disallowing training requests made by Plaintiff yet given to other officers.

D. Vacation requests given to others that were more favorable than those received by

1 Plaintiff.

   E. Giving other officers new patrol car assignments and not giving them to Plaintiff.

   F. Denial of a pay increase for intermediate positions Plaintiff should have received.

   G. Denial of PTO time to Plaintiff.

   H. Denial of ability to apply for promotions.

   I. Seniority being taken from Plaintiff.

   J. Managing officers advising non-Bear Valley Police Department personnel what was transpiring in relation to Plaintiff's job who had no need to have such knowledge.

   K. Plaintiff being left alone on duty without any backup available.

   L. The investigation of Plaintiff.

   M. Notice of Proposed Termination

   N. Notice of Termination

   50. The conduct of defendant in engaging in the above adverse actions caused damages to Plaintiff including loss of income, loss of employment benefits, emotional distress and mental anguish.

   51. Plaintiff has been forced to retain the services of an attorney and is therefore entitled to an award of attorney fees and costs.

## FOURTH CLAIM FOR RELIEF

### (Title VII Retaliation Against BVCSD)

   52. Plaintiff repeats and realleges all prior allegations.

   53. The FEHA Protected Lawsuit, and/or the FEHA Protected Conduct, and/or the Protected Opposition, and/or the Written FEHA Protected Conduct is also protected by Title VII of the 1964 Civil Rights Act (42 U.S.C. 2000e-3) and constituted a determining factor in Defendant BVCSD engaging in some or all of the following adverse actions:

   A. Being forced to take remedial training.

   B. Not being paid allowance for Plaintiff's uniform.

   C. Disallowing training requests made by Plaintiff yet given to other officers.

   D. Vacation requests given to others that were more favorable than those received by

Plaintiff.

E. Giving other officers new patrol car assignments and not giving them to Plaintiff.

F. Denial of a pay increase for intermediate positions Plaintiff should have received.

G. Denial of PTO time to Plaintiff.

H. Denial of ability to apply for promotions.

I. Seniority being taken from Plaintiff.

J. Managing officers advising non-Bear Valley Police Department personnel what was transpiring in relation to Plaintiff's job who had no need to have such knowledge.

K. Plaintiff being left alone on duty without any backup available.

L. The investigation of Plaintiff.

M. Notice of Proposed Termination

N. Notice of Termination

54. The conduct of defendant in engaging in the above adverse actions caused damages to Plaintiff including loss of income, loss of employment benefits, emotional distress and mental anguish.

55. Plaintiff has been forced to retain the services of an attorney and is therefore entitled to an award of attorney fees and costs.

## FIFTH CLAIM FOR RELIEF

### (FEHA Gender Discrimination Against BVCSD)

56. Plaintiff repeats and realleges all prior conduct.

57. Plaintiff's gender, female, was a substantial motivating factor for defendant BVCSD to engage in some or all of the following adverse actions:

A. Being forced to take remedial training.

B. Not being paid allowance for Plaintiff's uniform.

C. Disallowing training requests made by Plaintiff yet given to other officers.

D. Vacation requests given to others that were more favorable than those received by Plaintiff.

E. Giving other officers new patrol car assignments and not giving them to Plaintiff.

F. Denial of a pay increase for intermediate positions Plaintiff should have received.

G. Denial of PTO time to Plaintiff.

H. Denial of ability to apply for promotions.

I. Seniority being taken from Plaintiff.

J. Managing officers advising non-Bear Valley Police Department personnel what was transpiring in relation to Plaintiff's job who had no need to have such knowledge.

K. Plaintiff being left alone on duty without any backup available.

L. The investigation of Plaintiff.

M. Notice of Proposed Termination

N. Notice of Termination

58. The conduct of defendant BVCSD in engaging in the above adverse actions violated FEHA and caused damages to Plaintiff including loss of income, loss of employment benefits, emotional distress and mental anguish.

59. Plaintiff has been forced to retain the services of an attorney and is therefore entitled to an award of attorney fees and costs.

## SIXTH CLAIM FOR RELIEF

### (Title VII Gender Discrimination Against BVCSD)

60. Plaintiff repeats and realleges

61. Plaintiff's gender, female, was a motivating factor for defendant BVCSD to engage in some or all of the following adverse actions:

A. Being forced to take remedial training.

B. Not being paid allowance for Plaintiff's uniform.

C. Disallowing training requests made by Plaintiff yet given to other officers.

D. Vacation requests given to others that were more favorable than those received by Plaintiff.

E. Giving other officers new patrol car assignments and not giving them to Plaintiff.

F. Denial of a pay increase for intermediate positions Plaintiff should have received.

G. Denial of PTO time to Plaintiff.

1     H. Denial of ability to apply for promotions.

2     I. Seniority being taken from Plaintiff.

3     J. Managing officers advising non-Bear Valley Police Department personnel what was

4 transpiring in relation to Plaintiff's job who had no need to have such knowledge.

5     K. Plaintiff being left alone on duty without any backup available.

6     L. The investigation of Plaintiff.

7     M. Notice of Proposed Termination

8     N. Notice of Termination

9     62. The conduct of defendant BVCSD in engaging in the above adverse actions violated

10 Title VII and caused damages to Plaintiff including loss of income, loss of employment benefits,

11 emotional distress and mental anguish.

12     63. Plaintiff has been forced to retain the services of an attorney and is therefore entitled

13 to an award of attorney fees and costs.

14     WHEREFORE, Plaintiff prays for relief as follows:

15     1. For economic damages in an amount to be determined at trial.

16     2. For emotional distress and mental anguish in an amount to be determined at trial.

17     3. For punitive damages against Edmonds in an amount to be determined at trial.

18     4. For an award of attorney fees and costs.

19     5. For such other and further relief as this court deems just and proper.

20     Dated this 6th day of July, 2015

21 **JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE**

22 RANDY RUMPH

23 /s/ Randy Rumph
1401 19th Street #117
24 Bakersfield, CA 93301
661-322-4600
25 Attorney for Plaintiff
 Laura Hutchinson

26

27

28